**Daniel J. Rylander, P.C.**
**Attorneys At Law**
St. Philip's Plaza
4340 North Campbell, Suite 266
Tucson, Arizona 85718
Office (520) 299-4922 Fax (520 )299-1482

Daniel J. Rylander
PCB #64969 - Ariz. Bar #15279
Noreen A. Cary
Ariz. Bar #027116

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In Re:

BOHARD, JAMES L
SS# XXX-XX-7091

Case No: 4:10-bk-29985-EWH

BOHARD, PATRICIA ANNA
SS# XXX-XX-0752

ORDER CONFIRMING 2nd AMENDED
CHAPTER 13 PLAN AND AWARDING
ATTORNEY'S FEES AS
ADMINISTRATIVE EXPENSE

Debtors
_____/

Attorneys for Debtors:   Daniel J. Rylander, AZ Bar No. 15279
                         Noreen A. Cary, AZ Bar No. 027116

The Debtors' Chapter 13 Plan was filed on or about September 23, 2010, and thereafter copies of said Plan and attendant documents were transmitted to the creditors and other interested parties. The Debtors filed a 2nd Amended Plan on September 22, 2011.

The Court has determined after notice to all necessary parties and an opportunity to object that:

1.   The 2nd Amended Plan complies with 11 U.S.C. §1301 et seq., and any other provisions in the United States Bankruptcy Code and applicable Federal and

State law;

2. Any fee, charge or amount required under 28 U.S.C. §123 or by the 2nd Amended Plan, to be paid before confirmation of the 2nd Amended Plan has been paid;

3. The 2nd Amended Plan has been proposed in good faith and not by any means forbidden by law;

4. As of the effective date of this 2nd Amended Plan, the value of property to be distributed under this 2nd Amended Plan to the account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors was liquidated under 11 U.S.C. §701, et. seq. Except as provided below, this 2nd Amended Plan provides for *pro rata* payments to the unsecured creditors of the amount due to said unsecured claimants.

5. The Debtors are instructed to remit all payments on or before the stated due date each month. The Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the 2nd Amended Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any 2nd Amended Plan Confirmation Orders.

6. The 2nd Amended Plan and this Order shall not constitute an informal proof of claim for any creditor.

7. The Debtors shall submit to the Trustee copies of all tax returns required to be filed during the term of this Chapter 13 proceeding.

8. The Debtors hereby certify that pursuant to 11 U.S.C. Section 1325(a)(8), (9), all payments that have come due since the filing of this case on any Domestic Support Obligation are current and all required tax returns have been filed.

9. General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the 2nd Amended Plan and any unsecured debt balance remaining unpaid at the end of the 2nd Amended Plan may be discharged as

provided in 11 U.S.C. § 1328(A).

10. With respect to each allowed secured claim provided for by the 2nd Amended Plan

   (a) The holder of such claim has accepted the 2nd Amended Plan;

   a. The 2nd Amended Plan provides that the holder of such claim retain the lien securing its claim, and

   b. The value, as of the effective date of the 2nd Amended Plan, of property to be distributed under the 2nd Amended Plan on account of each such claim is not less than the allowed amount of such claim, or

   (b) The Debtors surrender the property securing such claims to the holder, and

11. Secured Creditors:

   (a) **BANK OF AMERICA, It's Successors and or Assigns,** account no. **2803,(1st Deed of Trust)** for property located at **8535 E GREEN ACRES DRIVE, TUCSON, AZ 85715**, having filed a proof of claim in an amount different than that of the Debtors' 2nd Amended Chapter 13 Plan, **BANK OF AMERICA** shall receive monthly payments to be paid through the 2nd Amended Chapter 13 Plan for property located at **8535 E GREEN ACRES DRIVE, TUCSON, AZ 85715** who shall accept the same when tendered by the Trustee, and creditor **BANK OF AMERICA, It's Successors and or Assigns,** account no. **2803, (1st Deed of Trust)** shall be paid its arrearage in the amount of $8,125.02. This treatment resolves the plan objection filed by attorneys, Tiffany and Bosco, P.A., on behalf of **BANK OF AMERICA, It's Successors and or Assigns** as evidenced by the signature below.

   (b) **PIMA COUNTY'S** outstanding tax claim (claim no. 7), secured by real property located at **8535 E GREEN ACRES DRIVE, TUCSON, AZ 85715**

(tax parcel no. 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), shall be paid by the Debtors' mortgage company's escrow account. If these taxes are not paid as they become due, then the Plan hereby will be amended/modified to include the amount of the delinquent taxes at the statutory rate of 16% per annum, along with any penalties and fees that are assessed. The 2010 taxes have been paid. Pima County retains its lien. Pima County has filed a notice of satisfaction to claim no. 7.

(c) **VANTAGE WEST CREDIT UNION**, account no. **0105**, for that certain **2003 MERCEDES CLK 500, VIN: WPBJJ75J63F059770**, having filed an objection to the Debtors' 2nd Amended Chapter 13 Plan in an amount different than that of the Debtors' 2nd Amended Chapter 13 Plan, **VANTAGE WEST CREDIT UNION** shall be paid pursuant to its secured value stated in the objection to the 2nd Amended Chapter 13 Plan in the amount of **$18,208.51**, at an interest rate of six percent (**6%**), and shall receive adequate protection payments of **$181.00** per month, and shall be paid pursuant to it's proof of claim a pro rata share of funds available for general unsecured claimants, and any amounts remaining unpaid shall be discharged, and upon 2nd Amended Plan payoff and the entry of Debtors' discharge the lien on that certain **2003 MERCEDES CLK 500, VIN: WPBJJ75J63F059770** shall be released by **VANTAGE WEST CREDIT UNION**. This treatment resolves the plan objection filed by **VANTAGE WEST CREDIT UNION** as evidenced by the signature below.

(d) **GEMB/QVC**, account no. 3098 (claim no. 21) for credit card debt originally filed in error as a secured debt and having been removed from secured debt and classified correctly as an unsecured general nonpriority debt, **GEMB/QVC**, account no. 3098 shall be paid pursuant to it's proof of claim a pro rata share of funds available for general unsecured claimants, and at the conclusion of the Debtors' case the debt of **GEMB/QVC** shall be

discharged.

12. Secured Creditors-Surrender:

   a. **CHASE BANK, It's Successors and or Assigns,** account no. 0242, **(1st Deed of Trust)** for residential income property located at **660 E RIVER RD, TUCSON AZ 85704**, having failed to file a proof of claim and having filed no objection to the Debtors' 2nd Amended Chapter 13 Plan, the property located at **660 E RIVER RD, TUCSON AZ 85704** has been surrendered to the creditor. Having been surrendered, at the conclusion of the Debtors' case the debt of **CHASE BANK, It's Successors and or Assigns,** account no. 0242, **(1st Deed of Trust)** for residential income property located at **660 E RIVER RD, TUCSON AZ 85704** shall be discharged.

   b. **ARIZONA FEDERAL CREDIT UNION,** account no. **2601,** having filed a proof of claim in an amount different the Debtors' 2nd Amended Chapter 13 Plan, for that certain **2007 CORVETTE Z06, VIN: 1G1YY26E87512134** and Debtors having surrendered that certain **2007 CORVETTE Z06, VIN: 1G1YY26E87512134** to the creditor **ARIZONA FEDERAL CREDIT UNION,** and the creditor **ARIZONA FEDERAL CREDIT UNION** having received $5,360.14 as and for payments tendered by the Trustee, therefore no further payments will be made to **ARIZONA FEDERAL CREDIT UNION,** account no. **2601,** and at the conclusion of Debtors' case the debt of **ARIZONA FEDERAL CREDIT UNION** for that certain **2007 CORVETTE Z06, VIN: 1G1YY26E87512134** shall be discharged.

   c. **HUGHES FEDERAL CREDIT UNION,** account no. **0157,** having failed to filed a proof of claim and having filed no objection in the Debtors' 2nd Amended Chapter 13 Plan, for that certain **SKI BOAT** and Debtors having surrendered that certain **SKI BOAT** to the creditor **HUGHES FEDERAL CREDIT UNION.** Having been surrendered, at the conclusion of the

Debtors' case the debt of **HUGHES FEDERAL CREDIT UNION** for that certain **SKI BOAT** shall be discharged.

13. Tax claims:

    a. **THE ARIZONA DEPARTMENT OF REVENUE** having filed its proof of claim in an amount that is different from that which was provided for in the Debtors' 2nd Amended Chapter 13 Plan, the Debtors' Plan is hereby amended to pay **THE ARIZONA DEPARTMENT OF REVENUE** per its proof of claim for tax year **2009** the sum of **$1,832.18** for its priority claim, and any amounts remaining shall be paid as an unsecured nonpriority claim.

    b. **THE INTERNAL REVENUE SERVICE** having filed its proof of claim in an amount different than that which was provided for in the Debtors' 2nd Amended Chapter 13 Plan, the Debtors' Plan is hereby amended to pay **THE INTERNAL REVENUE SERVICE** per its proof of claim for tax year **2009** the sum of **$10,190.69** for its priority claim, and any amounts remaining shall be paid as an unsecured nonpriority claim.

14. Administrative Expenses:

    (a) **Trustee's fees and costs:** Pursuant to 28 U.S.C. §586(e)(1)(B) and §586(e)(2) the Chapter 13 Trustee shall receive an amount not to exceed ten percent (10%) of each payment received from Debtors for her fees and costs or as otherwise adjusted by the United States Attorney General.

15. Debtors' Attorneys Fees:

    (a) Debtors' counsel has been paid the sum of $3,500.00 by the Debtors directly prior to filing of the case, and having made application for fees in the total amount of $3,500.00, Debtors' counsel is entitled to an award of attorneys fees in the total amount of $3,500.00, with the remaining sum of $ .00 to be paid from 2nd Amended Plan proceeds.

16. Attached to this Order Confirming Plan is an <u>AMENDED ANALYSIS OF ORDER</u>

CONFIRMING Plan.

IT IS ORDERED THAT:

1. The Debtors' 2nd Amended Chapter 13 Plan as modified in this Stipulated Order Confirming Plan, is hereby confirmed.

2. The Debtors' 2nd Amended Plan payment period shall be 60 months and the payment schedule shall be as follows: Beginning October 20, 2010.

   $ 3,750.00  x 1
   $ 3,762.00  x 1
   $ 2,000.00  x 1
   $ 1,057.00  x 1
   $       .00 x 1
   $ 4,000.00  x 2
   $       .00 x 1
   $ 3,500.00  x 1
   $ 4,000.00  x 1
   $       .00 x 1
   $ 2,800.00  x 1
   $ 2,350.00  x 1
   $ 2,650.00  x 1
   $ 1,500.00  x 1
   $ 1,857.00  x 1
   $ 4,003.76  x 1
   $ 2,765.00  x 43

   **$161,588.97 Plan Base/60 months**

3. **IT IS FURTHER ORDERED** awarding Debtors' counsel their remaining attorney's fees in the amount of $ .00 and the Chapter 13 Trustee is ordered to remit this sum to Debtors' counsel.

DATED AND SIGNED ABOVE.

APPROVED AS TO FORM AND CONTENT:

_____
Daniel J. Rylander, AZ Bar No. 15279
Noreen A. Cary, AZ Bar No. 027116
DANIEL J. RYLANDER, P.C.
Attorneys for Debtors

APPROVED AS TO FORM AND CONTENT:

_____
DIANNE C. KERNS, Chapter 13 Trustee
or CRAIG MORRIS, Attorney for the
Chapter 13 Trustee

APPROVED AS TO FORM AND CONTENT IN PARAGRAPH REFERENCING BANK OF AMERICA CLAIM:

_____
TIFFANY AND BOSCO, Attorney for Creditor
Attorney(s) for BANK OF AMERICA

APPROVED AS TO FORM AND CONTENT IN PARAGRAPH REFERENCING VANTAGE WEST CREDIT UNION CLAIM:

_____
HOWARD A. CHOROST, Attorney for Creditor
Attorney(s) for VANTAGE WEST CREDIT UNION

**DATED AND SIGNED ABOVE.**

APPROVED AS TO FORM AND CONTENT:

_____
Daniel J. Rylander, AZ Bar No. 15279
Noreen A. Cary, AZ Bar No. 027116
DANIEL J. RYLANDER, P.C.
Attorneys for Debtors

APPROVED AS TO FORM AND CONTENT:

_____
DIANNE C. KERNS, Chapter 13 Trustee
or CRAIG MORRIS, Attorney for the
Chapter 13 Trustee

APPROVED AS TO FORM AND CONTENT IN PARAGRAPH REFERENCING BANK OF AMERICA CLAIM:

_____
TIFFANY AND BOSCO, Attorney for Creditor
Attorney(s) for BANK OF AMERICA

APPROVED AS TO FORM AND CONTENT IN PARAGRAPH REFERENCING VANTAGE WEST CREDIT UNION CLAIM:

*/s/ Howard A. Chorost*
_____
HOWARD A. CHOROST, Attorney for Creditor
Attorney(s) for VANTAGE WEST CREDIT UNION

# AMENDED
## LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

Debtor(s): **JAMES L BOHARD**
**PATRICIA ANNA BOHARD**

Case No.: **4:10-bk-29985-EWH**

Prior: Chapter 7 ( )   Chapter 13 ( )   Date: **February 29, 2012**

### TOTAL DEBT AND ADMINISTRATE EXPENSES
### PROVIDED FOR BY THE PLAN

| | | | |
|---|---|---|---|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ | 0.00 |
| B. | PRIORITY CLAIMS | $ | 12,022.87 |
| | 1. Taxes | $ | 12,022.87 |
| | 2. Other | $ | 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ | 8,125.02 |
| D. | PAYMENTS ON SECURED CLAIMS | $ | 124,042.17 |
| E. | PAYMENTS ON OTHER CLASS | $ | 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ | 1,240.03 |
| G. | SUB-TOTAL | $ | 145,430.09 |
| H. | TRUSTEE'S COMPENSATION ( 10 % of debtor's payments) | $ | 16,158.88 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ | 161,588.97 |

### RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | | |
| | 1. Value of debtor's interest in nonexempt property | $ | 2,291.49 |
| | 2. Value of property recoverable under avoiding powers | $ | 0.00 |
| | 3. Less: Estimated Chapter 7 administrative expenses | $ | 0.00 |
| | 4. Less: Priority claims | $ | 12,022.87 |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ | 0.00 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ | 1,240.03 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.